# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES RUSSELL SIVILL,<br><br>Defendant. | No. CR08-4066-DEO<br><br>**ORDER** |

This matter came on for hearing pursuant to 18 U.S.C. § 4241(a) on October 2, 2008. Assistant U.S. Attorney Tim Duax appeared on behalf of he plaintiff (the "Government"). The defendant James Russell Sivill was present in person with his attorney, Assistant Federal Defender Robert Wichser. Neither party objected to the findings set forth in the forensic mental health evaluation of Sivill, marked Court Ex. 1. However, Mr. Wichser argued the court also may consider whether or not Sivill is able to communicate effectively with his attorney such that he can assist in preparing his defense.

The record indicates Sivill suffered a stroke that has left him unable to speak. He writes notes, but Mr. Wichser indicated the notes often are illegible and/or he cannot understand their content. Sivill wrote Mr. Wichser a note during the hearing which was admitted into evidence as Defense Ex. A. Mr. Wichser argues this shows Sivill lacks the "ability to consult with his lawyer with a reasonable degree of rational understanding." *Wise v. Bowersox*, 136 F.3d 1197, 1202 (8th Cir. 1998) (internal quotation marks, citation omitted).

The forensic mental health evaluator was able to communicate adequately with Mr. Sivill for purposes of his evaluation. Mr. Sivill completed written tests, and evidenced an understanding of the charges against him, the roles of the attorneys and the

court, and the judicial process. The court finds the authorities cited by Mr. Wichser do not show that simply because communication with a defendant is difficult, that renders him "incompetent" to assist in his defense.

Although the court recognizes that both counsel and the court will have to exercise care to ensure Sivill has adequate time to communicate with his attorney as this matter proceeds, and that it will require additional, possibly arduous, effort on Mr. Wichser's part to communicate adequately with his client, the court finds Sivill understands the nature of the proceedings against him, and is able to assist and consult with his counsel in preparation of his defense, and he therefore is competent to proceed in this case.

**IT IS SO ORDERED.**

**DATED** this 2nd day of October, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT